**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50234 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03438-BEN |
| v. | |
| REYNA NEGRETE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted October 22, 2018[**]

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Reyna Negrete appeals from the district court's judgment and challenges the

87-month sentence imposed upon remand following her guilty-plea conviction for

importation of methamphetamine, cocaine, and heroin, in violation of 21 U.S.C.

§§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Negrete contends that the district court erred by denying a minor role adjustment under U.S.S.G. § 3B1.2. She argues that the district court improperly failed to consider all likely participants in the offense and did not apply the factors listed in the commentary to the Guideline. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record shows that the district court compared Negrete to the two co-participants in the offense she identified, and considered Negrete's arguments about the larger drug organization. Contrary to Negrete's contention, the court considered the factors listed in the commentary to the Guideline, *see* U.S.S.G. § 3B1.2 cmt. n.3(C), which were discussed in Negrete's sentencing memorandum and at the sentencing hearing, and did not treat Negrete's courier status as dispositive. In light of the totality of the circumstances, including the large quantities of different types of drugs involved, the extent of Negrete's involvement with the drug organization, and her prior successful drug crossing, the district court did not abuse its discretion in denying a minor role adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C).

**AFFIRMED.**

17-50234